**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM JAMISON,<br><br>            Plaintiff,<br>    vs.<br>ROYAL CARIBBEAN CRUISES, LTD.,<br>a Liberian Corporation; and DOES 1-X,<br><br>            Defendants. | CASE NO. 08cv1513 WQH (NLS)<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the "Motion to Strike Claims for Statutory Damages and Attorney's Fees, and Motion to Dismiss or Strike Paragraphs 7,8 (Alter Ego Allegations) of Plaintiff's Complaint." (Doc. # 9).

## **Background**

    On August 18, 2008, Plaintiff initiated this action by filing the Complaint (Doc. # 1). The Complaint alleges that Defendant Royal Caribbean Cruises, LTD. ("RCCL") "is a Liberian Corporation located in Miami, Florida." *Complaint,* ¶ 2. In a section titled "Alter Ego," the Complaint alleges that "all of the Defendants were at all times relevant the partners, officers, agents, assignees, successors-in-interest, co-conspirators, principals, alter egos, or employees of each other or were otherwise responsible for, contributed to, or participated in the acts and omissions alleged herein, and thereby incurred liability therefore." *Id.*, ¶ 7.

1    The Complaint alleges that on March 29, 2005, Plaintiff took the original photograph titled "Dylan-fscarve" at The Wavehouse in San Diego, California. *Id.*, ¶ 13. The Complaint alleges that Plaintiff is the "sole owner of the registered copyright to such work" titled "Dylan-fscarve." *Id.*, ¶ 10. The Complaint alleges that "[o]n or about April 2, 2005, a cropped version of the image was uploaded to wavetheplanet.com." *Id.*, ¶ 14. The Complaint alleges that "[o]n or about February 2006, Plaintiff discovered that Defendants were unlawfully using his copyrighted work 'Dylan-fscarve.'" *Id.,* ¶ 15. The Complaint alleges that "Plaintiff became aware that his copyrighted work had now been featured in advertisements for the FlowRider surf pool ('surf parks') that Defendant[] has added to the top deck of its vessels." *Id.*, ¶ 16. The Complaint alleges that the photograph "was apparently taken by Defendants from WaveLoch, Inc., the manufacturer of the FlowRider and owner of The Wavehouse." *Id.*, ¶ 17. The Complaint alleges that "Defendants unlawfully manipulated and cropped Plaintiff's copyright work to create new images superimposed on its vessels." *Id.*, ¶ 18. The Complaint alleges that "Plaintiff never consented to such usage, nor was Plaintiff ever contacted by any individual or entity requesting use of his copyrighted work." *Id.*, ¶ 22.

The Complaint seeks an injunction preventing "Defendants, their distributors, officers, agents, servants, employees and attorneys, and all those persons acting or attempting to act in concert or participation with them, from directly or indirectly making, delivering, distributing, selling, transferring, copying, imitating, advertising, and/or marketing unauthorized versions of the copyrighted work, or substantially similar variations thereon or derivative works thereof" under 17 U.S.C. 502. *Id.*, p. 5  The Complaint seeks an order from the Court enjoining Defendants to return to Plaintiff all materials pertaining to the copyrighted work. *Id*. The Complaint seeks compensatory damages under 17 U.S.C. section 504. *Id.* The Complaint seeks statutory damages in the amount of $30,000 per infringement in lieu of actual damages under 17 U.S.C. section 504. *Id.* The Complaint seeks enhanced damages of $150,000 per infringement for Defendants' willful infringement under 17 U.S.C. section 504. *Id.* The Complaint seeks damages based on Defendants' contributory copyright infringement, resulting from alleged infringing actions of Defendants' distributors. *Id.*

On November 19, 2008, RCCL filed the "Motion to Strike Plaintiff's claims for statutory damages and attorney's fees and Motion to Dismiss or Strike Paragraphs 7,8 (Alter Ego Allegations) of Plaintiff's Complaint" ("Motion to Dismiss/Strike").  RCCL moves to strike the claims for statutory damages and attorney's fees on grounds that such relief is barred under 17 U.S.C. section 412. *Id.* at 3.  RCCL moves to dismiss Plaintiff's alter ego claim on grounds that the claim is conclusory and speculative. *Id.* at 7.  On December 8, 2008, Plaintiff filed a Response in Opposition to the Motion to Dismiss/ Strike.  (Doc. # 11).  Plaintiff opposes RCCL's request to strike Plaintiff's claims for statutory damages and attorney's fees on grounds that RCCL's actions with unknown third parties may constitute new and independent infringements of Plaintiff's copyrighted work under a theory of vicarious or contributory liability that would not be barred under 17 U.S.C. § 412. *Id.* at 4-5.  Plaintiff opposes RCCL's request to dismiss Plaintiff's alter ego claim on grounds that Plaintiff has "alleged solid facts supporting his contention that DOE Defendants exist and have likely worked in concert with Defendant . . . and thus may be the alter ego of Defendant." *Id.* at 6.  On December 15, 2008, RCCL filed a Reply in Support of the Motion to Dismiss/ Strike. (Doc. # 12).

**Standard of Review**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *Id.* (Citing Fed R. Civ. P. 8(a)(2)).  In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996).  However, legal conclusions need not be taken as true merely

1  because they are cast in the form of factual allegations. *Robertson v. Corrothers*, 812 F.2d
2  1173, 1177 (9th Cir. 1981). "Nor is the court required to accept as true allegations that are
3  merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v.*
4  *Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001, *amended* by 275 F.3d 1187 (9th Cir.
5  2001).

6  Rule 12(f) of the Federal Rules of Civil Procedure provides that the "court may strike
7  from a pleading an insufficient defense or any redundant, immaterial, impertinent, or
8  scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike a pleading are disfavored and
9  "should be denied unless it can be shown that [the challenged matter] could have no possible
10 bearing on the issues in the litigation." *Buick v. World Savings Bank*, 565 F. Supp. 2d 1152,
11 1159 (E.D. Cal. 2008). "[C]ourts often require a showing of prejudice by the moving party
12 before granting" a motion to strike, and "[u]ltimately, whether to grant a motion to strike lies
13 within the sound discretion of the district court." *Cal. Dept. of Toxic Substances Control v.*
14 *Alco Pacific, Inc.,* 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (citing *Fantasy, Inc., v.*
15 *Fogerty,* 984 F.2d 1524, 1528 (9th Cir. 1993). In exercising its discretion, the court views the
16 pleadings in the light most favorable to the non-moving party, and "resolves any doubt as to
17 the relevance of the challenged allegations or sufficiency of a defense in the defendant's
18 favor." *Cal. Dept. of Toxic Substances Control,* 217 F. Supp. 2d at 1033.

19 **Analysis**

20 **I.    Motion to Strike Plaintiff's Claim for Statutory Damages and Attorney's Fees**

21 RCCL contends that 17 U.S.C. section 412 bars statutory damages and attorney's fees
22 for "'any infringement of copyright commenced after first publication of the work and before
23 the effective date of its registration, unless such registration is made within three months after
24 the first publication of the work.'" *Mot. to Dismiss*, p. 3-4 (quoting 17 U.S.C. § 412). RCCL
25 contends that Plaintiff is barred from recovering statutory damages or attorney's fees because
26 Plaintiff did not register the photograph until February 13, 2006, which is over 10 months from
27 the date of first publication on April 2, 2005. *Mot. to Dismiss*, p. 6. RCCL contends that
28 "[b]ecause there are no circumstances under which Plaintiff would be entitled to statutory

damages or attorneys' fees, the Court should strike these claims with prejudice," pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. *Id.* at 1, 6.

Plaintiff does not allege that RCCL is directly liable as a result of RCCL's own infringing actions, but alleges that RCCL is contributorily and vicariously liable due "based upon Defendant's actions with numerous third party infringers." *Opposition*, p. 3. Emphasizing that motions to strike are disfavored, Plaintiff asserts that "he will be able to obtain statutory damages and attorneys' fees pursuant to the Copyright Act based upon Defendant's actions with numerous third party infringers" and that "evidence obtained through discovery will demonstrate that numerous individuals and/or entities have committed new, independent infringements of Plaintiff's copyright work based upon Defendant's actions which have resulted in vicarious and contributory copyright infringement." *Id.* Plaintiff further contends that "it would be premature to conclude at this stage that the matter sought be stricken could have no possible bearing on the subject matter of the litigation." *Id.*

Section 412 "bars a copyright owner from recovering statutory damages or attorney's fees for copyright infringement if two conditions are met: (1) the copyright was registered more than three months after the work was first published, and (2) the infringing activity commenced after the date of first publication and before the effective date of registration of the work." *Parfums Givenchy, Inc. v. C&C Beauty Sales, Inc.*, 832 F. Supp 1378, 1393 (C.D. Cal. 1993) (citing 17 U.S.C. § 412). "[T]he first act of infringement in a series of ongoing separate infringements 'commence[s]' one continuing 'infringement' under Section 412(2)." *Id.*

The Complaint alleges that the date of first publication was April 2, 2005, when a cropped version of Plaintiff's photograph, "Dylan-fscarve," was uploaded to wavetheplanet.com. *Complaint*, p. 3. As alleged in the Complaint, the date of registration, February 13, 2006, was beyond the three month grace period offered by Section 412. *Id.*, Exhibit B. However, RCCL does not assert that the claim for statutory damages is "redundant, immaterial, impertinent, or scandalous," or that the claim for statutory damages "could have no possible bearing on the issues in the litigation." Fed. R. Civ. P. 12(f); *Buick*, 565 F. Supp.

1  2d at 1159.  Viewing the allegations in the light most favorable to Plaintiff, the Court
2  concludes that Defendants have failed to show that the claim for statutory damages is
3  "redundant, immaterial, impertinent, or scandalous," as required to strike a pleading under
4  Rule 12(f) of the Federal Rules of Civil Procedure.  The Motion to Strike the Complaint's
5  claim for statutory damages is denied.

6  **II.     Motion to Dismiss Plaintiff's Alter Ego Claim**

7   RCCL moves to dismiss Plaintiff's alter ego claim on grounds that Plaintiff has failed
8  to satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  *Mot.*
9  *to Dismiss*, p. 7-8.  RCCL contends that "not a single fact is alleged" in the Complaint to
10 support the Alter Ego Claim.  RCCL contends that "Plaintiff has not even attempted to explain
11 what other 'individual' or 'corporation' should be liable under this alleged alter ego theory."
12 *Id.* at 8.  RCCL contends that "Plaintiff has not identified what 'funds' or 'assets' are at issue;
13 what 'corporate assets' were treated as 'personal assets'; whose 'personal assets' is being
14 referenced; or any other fact that brings these allegations out of the realm of pure speculation."
15 *Id.*  Defendant contends that "the Complaint falls well short of the necessary mark to survive
16 a motion to dismiss" under Rule 12(b)6) of the Federal Rules of Civil Procedure.  *Id.* (internal
17 quotations omitted).

18 Plaintiff contends that only RCCL is named in the Complaint because the other
19 defendants are presently unknown DOES.  *Opposition*, p. 6.  Plaintiff contends that the
20 identity of the DOE defendants can only be uncovered through discovery and that such
21 discovery may lead to a conclusion that RCCL is the alter ego of one of the unknown DOE
22 defendants.  *Id.*  Plaintiff alleges that there are several unidentified "contributory and vicarious
23 infringers including 1) travel agents and agencies; 2) advertisers and promoters; 3) news article
24 publishers; and 4) other individual infringers."  *Id.*

25 Rule 8 requires a complaint to contain "a short and plain statement of the claim showing
26 that the pleader is entitled to relief . . . ."  Fed. R. Civ. P 8(a)(2).  While the Federal Rules
27 adopt a flexible pleading policy, every complaint must, at a minimum, "give the defendant fair
28 notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic*, 127 S. Ct.

1  at 1964 (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Rasidescu v. Midland*
2  *Credit Management, Inc.,* 435 F. Supp. 2d 1090, 1098-99 (S.D. Cal. 2006). "The complaint
3  need not contain detailed factual allegations, but it must provide more than 'a formulaic
4  recitation of the elements of a cause of action.'" *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521
5  F.3d 1097, 1104 (9th Cir. 2008) (quoting *Bell Atlantic*, 127 S. Ct. at 1965). Under federal
6  notice pleading standards, a complaint may not be dismissed for failure to state a claim where
7  the allegations plausibly show "that the pleader is entitled to relief." *Bell Atlantic*, 127 S. Ct.
8  at 1964 (citing Fed. R. Civ. P 8(a)(2)).

9  The Complaint alleges a formulaic recitation of the elements of alter ego law, which is
10 insufficient under the pleading standard articulated in Rule 8 of the Federal Rules of Civil
11 Procedure. *See Mendiondo*, 521 F.3d at 1104. The Complaint fails to allege any facts to
12 support Plaintiff's conclusory allegation that RCCL may be an alter ego of some unknown
13 DOE defendant. Viewing the allegations in the light most favorable to the Plaintiff, the Court
14 concludes that the Complaint fails to state a claim for alter ego liability. The Motion to
15 Dismiss the Complaint's alter ego claim is granted.

## **Conclusion**

17 IT IS HEREBY ORDERED that the "Motion to Strike Claims for Statutory Damages
18 and Attorney's Fees, and Motion to Dismiss or Strike Paragraphs 7,8 (Alter Ego Allegations)
19 of Plaintiff's Complaint" (Doc. # 9) is **DENIED** with respect to the Complaint's claims for
20 statutory damages and attorneys' fees, and **GRANTED** with respect to Complaint's alter ego
21 claim. The Complaint's alter ego claim is **DISMISSED.**

22 DATED: March 4, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge