**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM JAMISON, an individual,<br><br>　　　　　　　Plaintiff,<br>v.<br><br>ROYAL CARIBBEAN CRUISES, LTD., a Liberian Corporation, and DOES 1-10, Inclusive,<br><br>　　　　　　　Defendants.<br><br>ROYAL CARIBBEAN CRUISES, LTD., a Liberian Corporation,<br><br>　　　　　　　Third-Party Plaintiff,<br>v.<br><br>CIRCLE CREATIVE, LTD., a United Kingdom Corporation; WAVE LOCH, INC., a California Corporation, and ROES 1-10, inclusive,<br><br>　　　　　　　Third-Party Defendants | Civil No. 08cv1513-WQH (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER MODIFYING SCHEDULING ORDER OF JUNE 22, 2009**<br><br>[Doc. No. 36] |

///

///

///

///

1  Plaintiff filed this action on August 18, 2008.  Defendant Royal Caribbean filed its answer on
2 March 18, 2009 and a third party complaint on April 2, 2009.  On June 5, 2009, third party defendant
3 Wave Loch filed a motion to dismiss the third party complaint against it.  On June 15, 2009, Royal
4 Carribean filed a motion for entry of an order requiring third party defendant Circle Creative, Ltd. to
5 obtain counsel or face entry of default.

6  On June 22, 2009, this court issued a Scheduling Order Regulating Discovery and Other Pre-
7 Trial Proceedings (Scheduling Order).  The deadline to file any motion to join other parties, amend the
8 pleadings for file additional pleadings was set for July 31, 2009.  On July 31, 2009, Plaintiff filed a
9 motion to amend the Scheduling Order with respect to the July 31, 2009 deadline.  He requests the
10 deadline be extended for an additional 60 days from the date of this Order.  Plaintiff argues that good
11 cause exists to modify the Scheduling Order because due to the uncovering of new facts and legal
12 issues, he will likely seek to file an amended complaint that will add both third party defendants and a
13 claim against defendant Royal Caribbean.  Plaintiff asserts the following as good cause: (1) at the time
14 he filed this application, two motions were pending before the court that affected the status of the third
15 party defendants; (2) the parties are currently discussing settlement; and (3) Plaintiff is further
16 investigating the potential additional claim and conducting discovery.  Becker Decl. ¶¶ 2-5.

17  Royal Carribean filed an opposition to the motion.  It "does not take issue with Plaintiff's desire
18 to add additional parties," but "urges the Court to deny Plaintiff's attempt to add an additional claim
19 against Royal Caribbean at this point in the litigation."  Opp'n, p.2, n.1.  Royal Caribbean argues that
20 the potential new claim against it is not based on any new information and Plaintiff could have included
21 it when he initiated this action.  Royal Caribbean argues that Plaintiff did not exercise due diligence in
22 attempting to meet the court-ordered deadline.

23  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the
24 amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite
25 the diligence of the party seeking the extension.'"  *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609
26 (9th Cir. 1992) (citations omitted).  The court must focus on the moving party's reasons for seeking the
27 modification rather than on "the existence or degree of prejudice to the party opposing the
28 modification."  *Id.*  "'A court's evaluation of good cause is not coextensive with an inquiry into the

propriety of the amendment under . . . Rule 15.'" *Id.* (citing *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987)).

Here, Plaintiff seeks the amendment at an early stage in the litigation in that the third party defendants have not yet filed answers and discovery has only recently started. He states in his counsel's declaration that counsel is investigating the facts to support his potential new claims, even before (at the time this application was filed) the status of the third party defendants was determined.[1] Plaintiff was also engaging in good faith settlement negotiations and focused his efforts on those negotiations rather than on filing amended pleadings. Further, the subject of Royal Caribbean's opposition is better suited as an opposition to a Rule 15 motion so that Plaintiff can address Royal Caribbean's claims that Plaintiff knew of all the facts supporting an additional claim against Royal Caribbean at the time he initially filed his complaint.

For good cause shown, the court **GRANTS** Plaintiff's motion to modify the Scheduling Order, and **ORDERS** that the deadline for the parties to file any motion to join other parties, to amend the pleadings or to file additional pleadings be extended until **October 16, 2009**.

**IT IS SO ORDERED.**

DATED: August 17, 2009

_____
Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court

---

[1] On August 10, 2009, the court denied Wave Loch's motion to dismiss and ordered Circle Creatvie to obtain counsel or face entry of default.